UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5801-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in: (1) assessing his residual functional capacity ("RFC"), (2) discounting certain medical opinion evidence, (3) failing to address the weight assigned to lay evidence, and (4) finding Plaintiff not disabled at step five. (Dkt. # 16 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1979, graduated from high school, and previously worked as an injection molding machine operator. AR at 37-38, 70, 197. Plaintiff was last gainfully employed

ORDER - 1

in September 2016. *Id.* at 197.

In May 2018, Plaintiff applied for benefits, alleging disability as of October 19, 2017. AR at 177-80. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 112-14, 119-27. After the ALJ conducted a hearing on October 2019 (*id*. at 32-81), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since November 28, 2017.

Step two: Plaintiff has the following severe impairments: depression, anxiety, somatic symptom pain disorder, irritable bowel syndrome, hemochromatosis, osteoarthritis, spondylosis, myofascial pain syndrome, calcium pyrophosphate deposition disease, degenerative joint disease, and chrondocalcinosis.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform light work with additional limitations: he can occasionally stoop and climb, and cannot crouch. He can frequently handle, finger, and reach. He can occasionally interact with the public.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 15-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Assessing Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of opinions written by treating rheumatologist Su Yin, M.D., and examining physician James Parker, M.D. The Court will address each disputed opinion in turn.

//

*1. Legal Standards*

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec. Admin.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence) (emphasis added).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

//

2.  *Dr. Yin's Opinion*

Dr. Yin treated Plaintiff on two occasions before completing a form opinion describing his physical symptoms and limitations. AR at 476-79. The ALJ summarized Dr. Yin's opinion and explained that he found it not persuasive because it was inconsistent with Dr. Yin's treatment notes and other evidence in the medical record, which did not corroborate the severe pain complaints and other symptoms Dr. Yin described. *Id*. at 24. The ALJ also found that the imaging evidence revealed only mild abnormalities, which did not support the limitations Dr. Yin indicated. *Id*. at 24-25. Lastly, the ALJ found that although Dr. Yin described specific functional limitations in Plaintiff's ability to walk, stand, sit, lift, carry, use his hands/fingers/arms, stay on task, maintain attendance, and persist through a workday, Dr. Yin's treatment notes did not discuss these issues and there is "no indication Dr. Yin observed or measured the effects of [Plaintiff's] condition that would support the degree of specificity opined." *Id*. at 25.

Plaintiff contends that the ALJ played doctor in finding Dr. Yin's opinions to be inconsistent with or unsupported by the medical record. (Dkt. # 16 at 12-13.) Plaintiff is mistaken: the ALJ is tasked with determining whether medical opinions are supported by and consistent with the medical record, under both the new regulations and preexisting Ninth Circuit case law. *See, e.g.*, *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("The ALJ is responsible for resolving conflicts in the medical record."); *Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports). In this

case, the ALJ properly considered whether the symptoms and limitations mentioned in Dr. Yin's opinion were corroborated by or consistent with her treatment notes and/or other medical evidence, and reasonably found that the lack of corroboration and inconsistencies undermined the persuasiveness of Dr. Yin's opinion.

Specifically, the ALJ noted that although Dr. Yin indicated that Plaintiff rated his pain 7.5-8.5 out of 10 at each visit, Dr. Yin's treatment notes did not mention any pain rating and instead described Plaintiff as in "no acute distress." AR at 24. Although Plaintiff disputes that "no acute distress" is necessarily inconsistent with a high pain rating (dkt. # 16 at 12), Plaintiff does not dispute that Dr. Yin's treatment notes include no pain ratings whatsoever, which is inconsistent with the comments in her opinion. *See* AR at 498-506.

The ALJ also noted that the trigger points, tender points, and tenderness referenced by Dr. Yin were not mentioned in her treatment notes, and that the record instead documented many findings demonstrating normal functioning. AR at 24. Plaintiff's argument notwithstanding (dkt. # 16 at 12), findings as to, *e.g.*, normal gait and normal strength are relevant to the walking and lifting/carrying restrictions indicated by Dr. Yin, and the ALJ reasonably found these to be inconsistent.

Furthermore, Plaintiff has not shown that the ALJ erred in finding that many of the symptoms and limitations referenced in Dr. Yin's opinion are not mentioned anywhere in Dr. Yin's treatment notes (AR at 25), and this reasoning also supports the ALJ's persuasiveness assessment. Accordingly, because the ALJ reasonably explained why Dr. Yin's opinion is not persuasive, and the ALJ's findings are supported by substantial evidence, the ALJ's assessment of Dr. Yin's opinion is affirmed.

//

### 3. Dr. Parker's Opinion

Dr. Parker examined Plaintiff in October 2018 and wrote a narrative opinion as to Plaintiff's workplace abilities. AR at 334-37. Dr. Parker concluded:

> DISCUSSION/PROGNOSIS: The claimant has received psychotherapy and continues in psychotherapy. He does not identify depression or anxiety as being disabling problems right now. Those are his own words.
>
> FUNCTIONAL ASSESSMENT/MEDICAL SOURCE STATEMENT: He is able to manage his own funds.
>
> He can do tasks with normal pace and accuracy. He would be able to interact with coworkers, supervisors and the public. His attendance would be limited by his pain problems and his ability to manage stress would also be limited by his pain problems.

*Id.* at 337. The ALJ found Dr. Parker's opinion to be persuasive because it was supported by his examination findings and consistent with Plaintiff's treatment record. *Id.* at 25. The ALJ noted that Dr. Parker attributed some limitations to Plaintiff's pain, but the ALJ found those to be inconsistent with treatment notes showing that Plaintiff did not complain of pain at many examinations and was consistently described as in no acute distress. *Id.*

A few of the treatment notes cited by the ALJ do in fact fail to mention any complaint of pain (*id.* at 289, 310, 314, 400, 484-85), but many of the notes cited by the ALJ *do* mention Plaintiff's reported pain, whether or not he was described as in "no acute distress." *See id.* at 297, 319, 352, 377, 385, 392, 395, 456, 502, 507. An observation of a claimant being in "no acute distress" does not on its own reasonably undermine a claimant's complaint of pain, either, and the Commissioner does not defend this line of reasoning. *See, e.g.*, *Havrylovich v. Astrue*, 2011 WL 284731, at *7 (D. Or. Jan. 25, 2011) (finding observations of a claimant in "no apparent distress" did not provide a sufficient basis to reject a treating doctor's opinion as to the claimant's limitations). Thus, the ALJ misrepresented the record when finding that Plaintiff did

not complain of pain at the examinations cited and erred in finding that the treatment notes objectively contradicted his complaints of pain.

Although the Commissioner stresses that the ALJ "repeatedly referenced the lack of subjective pain complaints" in the decision (dkt. # 17 at 10[3]), the Commissioner does not and cannot show that all of the evidence cited by the ALJ supports that purported lack of pain complaints, as discussed *supra*. Accordingly, the Court finds that the ALJ erred in failing to adequately explain why he did not find persuasive Dr. Parker's opinions as to Plaintiff's limitations caused by pain.[4]

### B. The ALJ Did Not Err in Assessing Plaintiff's Physical RFC

Plaintiff argues that the ALJ erred in failing to express his RFC on a function-by-function basis. (Dkt. # 16 at 9-10 (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (Jul. 2, 1996)).) SSR 96-8p requires that the "RFC assessment must first identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," specifically the physical, mental, and other abilities affected by a claimant's impairments. 1996 WL 374184 at *1 (referencing 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d)).

As noted *supra*, the ALJ's RFC assessment refers to Plaintiff's ability to perform light work as defined in 404 C.F.R. §404.1567(b) but does not explicitly define Plaintiff's abilities as to sitting, standing, walking, lifting, and carrying. AR at 19. Plaintiff notes that light work is defined to require the ability to stand/walk for six hours of an eight-hour workday and

---

[3] The Court also notes that the Commissioner's brief has a formatting irregularity, namely condensed spacing, that hinders readability. In the future, the Commissioner shall refrain from using this feature. *See* Local Civil Rule 10(e)(1) (W.D. Wash.) (requiring the use of a proportionally spaced font in briefing).

[4] In light of this finding, the Court need not address Plaintiff's related arguments regarding Dr. Parker's opinion and whether it was fully accounted for in the RFC assessment. (Dkt. # 16 at 7-9.) On remand, the ALJ shall reconsider Dr. Parker's opinion in its entirety and provide a legally sufficient discussion of its persuasiveness and reassess Plaintiff's mental RFC in light of the assessment of that opinion.

ORDER - 8

emphasizes that he testified that he could only walk or sit 10-15 minutes at a time and required the use of a cane. (Dkt. # 16 at 10.)

In this way, Plaintiff's RFC argument rises and falls with the sufficiency of the ALJ's assessment of Plaintiff's subjective testimony. The ALJ summarized Plaintiff's allegations and explained that he discounted them because the objective evidence was inconsistent with Plaintiff's allegations, Plaintiff did not report the symptoms to his providers that he claimed were disabling, some of Plaintiff's symptoms improved with treatment, and Plaintiff's activities were inconsistent with the limitations he alleged. AR at 20-23. Plaintiff's opening brief does not assign error to the ALJ's assessment of his subjective complaints, which is fatal to his claim of error in the RFC. Plaintiff has not shown that the ALJ harmfully erred in discounting his alleged walking and sitting limitations, or his need for a cane, and thus has not shown that the ALJ erred in failing to account for these allegations when crafting the RFC assessment. *See Bayliss*, 427 F.3d at 1217-18 ("In making his RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on Bayliss's subjective complaints. Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").

### C.  The ALJ Must Reconsider Other Aspects of the Decision on Remand

Because, as explained *supra*, this case must be remanded for the ALJ's reconsideration of Dr. Parker's opinion, the ALJ should also explicitly assess Plaintiff's wife's hearing testimony and either credit it or provide legally sufficient reasons to discount it. The Court need not address Plaintiff's step-five arguments because that portion of the ALJ's decision may be impacted by the ALJ's reconsideration of other parts of the decision.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reconsider Dr. Parker's opinion in its entirety and provide a legally sufficient discussion of its persuasiveness and reassess Plaintiff's mental RFC in light of the assessment of that opinion. The ALJ shall also explicitly assess Plaintiff's wife's testimony and reconsider any other parts of the decision as necessary.

Dated this 14th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge